Kim E. Richman
**THE LAW OFFICE OF K.E. RICHMAN**
195 Plymouth Street
Brooklyn, NY 11201
ker@kerichman.com
212-687-8291 (telephone)
212-687-8292 (facsimile)

*Attorney for Plaintiff*

**CV 15**

FILED
CLERK

2015 MAR -4  PM 4: 34

U.S. DISTRICT COURT
EASTERN DISTRICT
OF NEW YORK

**1129**

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

GARAUFIS, J.

-------------------------------------------------------------X

HECTOR SANCHEZ,

                    Plaintiff,

       -against-

THE CITY OF NEW YORK, P.O. ROBERT
MCCORMICK (Tax # 906769), and P.O.s JOHN
DOE #1-5, Individually and in their Official
Capacities (the names "John and Jane Doe" being
fictitious, as the true names are presently
unknown),

                    Defendants.

-------------------------------------------------------------X

**<u>COMPLAINT</u>**
**<u>AND DEMAND FOR</u>**
**<u>JURY TRIAL</u>**

      Plaintiff Hector Sanchez, by his attorney, Kim E. Richman, complaining of the

above-referenced defendants, respectfully alleges as follows:

**<u>PRELIMINARY STATEMENT</u>**

      1.     Plaintiff Hector Sanchez ("Plaintiff") brings this action for compensatory

damages, punitive damages, and attorney's fees pursuant to 42 U.S.C. §§ 1983, 1988 for

the wrongful acts of defendants THE CITY OF NEW YORK ("CITY"), P.O. ROBERT

MCCORMICK (Tax # 906769), and POLICE OFFICERS JOHN DOE #1-5 (collectively

"Defendants"), all acting under color of state law and pursuant to their authority, in

violation of Plaintiff's rights under the Constitution and laws of the United States and the State of New York.

## JURISDICTION

2.      This action seeks redress for violation of Plaintiff's constitutional and civil rights, pursuant to, *inter alia*, 42 U.S.C. §§ 1983, 1988, the Fourth, Fifth, and Fourteenth Amendments to the United States Constitution, and the constitution and laws of the State of New York. Plaintiff invokes this Court's jurisdiction pursuant to these constitutional and statutory provisions and pursuant to 28 U.S.C. §§ 1331, 1343.

3.      Plaintiff further invokes this Court's pendent jurisdiction over any and all state law claims that derive from the same nucleus of operative facts that gives rise to the federal claims, pursuant to 28 U.S.C. § 1367.

## VENUE

4.      Venue is properly laid in this District under 28 U.S.C. § 1391(b), this being the District in which the claim arose.

## TRIAL BY JURY

5.      Plaintiff demands a trial by jury on each and every one of his claims as pled herein pursuant to Fed. R. Civ. P. 38(b).

## PARTIES

6.      At all times relevant hereto, Plaintiff Hector Sanchez was a resident of Queens County, located in the Eastern District of New York.

7.      Defendant THE CITY OF NEW YORK ("CITY") is and was at all relevant times a municipality of the State of New York; Defendant CITY operates, manages, directs,

and controls the New York City Police Department ("NYPD"), which employs Defendant P.O.s JOHN DOE #1-5.

8.     At all times relevant to this action, Defendant P.O.s JOHN DOE #1-5 were police officers employed by the NYPD and acting under color of state law.

9.     Defendant P.O. ROBERT MCCORMICK and P.O.s JOHN DOE #1-5 participated directly in and/or failed to intervene in the violations of Plaintiff's constitutional rights committed by the other individual Defendants.

10.     Defendant CITY were responsible for the hiring, training, supervision, discipline, retention and promotion of the police officers, captains and employees of the NYPD.

11.     At all times relevant hereto and in all their actions described herein, Defendants were acting under color of the statutes, ordinances, regulations, policies, customs and usages of Defendant CITY and its NYPD, pursuant to their authority as employees, servants and agents of the Defendant CITY, within the scope of their employment and incidental to their otherwise lawful duties and functions as employees, servants, agents and officers.

## FACTS

12.     On or about May 12, 2014, at approximately 12:00 p.m., Plaintiff was lawfully present at or near the intersection of 80th Street and Liberty Avenue, in Queens County, New York.

13.     Plaintiff was walking toward the nearby "A" subway station when he observed a marked NYPD vehicle drive past him.

14.     Upon seeing Plaintiff, Defendant officers turned their vehicle around. Defendant officers parked, exited the NYPD vehicle, and walked up to Plaintiff.

15.     Defendant officers alleged that they stopped Plaintiff because they believed that he matched the profile of a man who had recently allegedly committed a burglary.

16.     Plaintiff had no knowledge of this alleged burglary, and told Defendant officers that he was not the perpetrator of the alleged burglary.

17.     Nonetheless, Defendant officers continued to interrogate him.

18.     Defendant P.O. Robert McCormick asked Plaintiff to provide his identification. Plaintiff complied with Defendant P.O. McCormick's request.

19.     After viewing Plaintiff's identification, without reasonable suspicion or probable cause, Defendant P.O. McCormick had Plaintiff wait for additional officers to arrive to confirm that Plaintiff was not the perpetrator of the alleged burglary.

20.     Defendant officers had Plaintiff wait for other officers to arrive and confirm that he was in fact not the perpetrator of the alleged burglary. Afterwards, they released Plaintiff from their custody.

21.     On or about May 19, 2014, approximately one week after the aforementioned incident, Plaintiff was lawfully present inside of his home located on Dumont Avenue in Queens when Defendant officers arrived and knocked on his door.

22.     Defendant police officer John Doe #1 told Plaintiff that he had a warrant for his arrest. Plaintiff asked Defendant John Doe #1 why such a warrant had been issued against him, but did not receive an answer. Instead, Defendant John Doe #1 responded, in sum, "We have to take you to the Precinct first."

4

23.     At no time was there reasonable suspicion, probable cause, or any circumstances whatsoever to warrant a belief that Plaintiff's actions were unlawful or that Plaintiff was acting with an unlawful purpose.

24.     Defendant officers, still without reasonable suspicion or probable cause, brought Plaintiff to the NYPD 102nd Precinct where they conducted a line-up.

25.     During the line-up, Plaintiff was presented to the victim of the aforementioned alleged burglary along with uniformed and clean-shaven NYPD Police Officers.

26.     The victim of the alleged burglary identified Plaintiff as the perpetrator based on his facial hair. Plaintiff was the only person in the line-up with facial hair.

27.     Moreover, Plaintiff was the only one in the line-up wearing sweatpants, and was not dressed in NYPD uniform pants and boots like all of the others in the line-up.

28.     Plaintiff was eventually arraigned under docket number 2014QN029810.

29.     Thereafter, Plaintiff remained imprisoned for approximately four (4) days until appearing before a grand jury on May 23, 2014.

30.     On May 23, 2014, all charges relating to the aforementioned incident were dismissed in favor of Plaintiff by the grand jury.

31.     As a result of the violations of his civil rights by Defendants, Plaintiff was subjected to the humiliation of being questioned by NYPD officers in full public view, arrested and led away in front of his family and peers, unlawfully imprisoned for approximately four (4) days, and faced with the stigma of being charged with a felony, all of which resulted in damage to his esteem and reputation within his community.

## CAUSES OF ACTION

### FIRST CLAIM FOR RELIEF
### DEPRIVATION OF FEDERAL CIVIL RIGHTS

32.     Plaintiff repeats, reiterates, and re-alleges each and every allegation contained in the paragraphs above with the same force and effect as if fully set forth herein.

33.     All of the aforementioned acts of Defendants, their agents, servants, and employees were carried out under color of state law.

34.     All of the aforementioned acts deprived Plaintiff of the rights, privileges, and immunities guaranteed to citizens of the United States by, *inter alia*, the Fourth, Fifth, and Fourteenth Amendments to the Constitution of the United States and in violation of 42 U.S.C. § 1983.

35.     The acts complained of were carried out by the aforementioned individual Defendants in their capacities as police officers, with the entire actual and/or apparent authority attendant thereto.

36.     The acts complained of were carried out by the aforementioned individual Defendants in their capacities as police and law enforcement officers, pursuant to the customs, usages, practices, procedures, and rules of Defendant CITY and its NYPD, and other agencies, all under the supervision of ranking officers of the NYPD.

37.     Defendants, collectively and individually, while acting under color of state law, engaged in conduct that constituted a custom, usage, practice, procedure, or rule of his/her respective municipality/authority that is forbidden by the Constitution of the United States.

6

38.     By these actions, Defendants have deprived Plaintiff of rights secured by the United States Constitution, in violation of 42 U.S.C. § 1983, for which Defendants are individually liable.

39.     Plaintiff repeats each and every allegation contained in the paragraphs above and incorporates such allegations by reference herein.

40.     By the actions described herein, Defendants intentionally caused and allowed Plaintiff to be placed in apprehension of imminent harmful and offensive contact, in violation of the Constitution and Laws of the State of New York.

41.     Defendants' actions were not in furtherance of any legitimate police interest and were not otherwise privileged.

42.     As a consequence of Defendants' actions as described herein, Plaintiff has been injured.

43.     Defendant CITY is liable under *respondeat superior* for the aforesaid injuries.

## SECOND CLAIM FOR RELIEF
## FALSE ARREST UNDER 42 U.S.C. § 1983

44.     Plaintiff repeats and re-alleges each and every allegation set forth in the preceding paragraphs with the same force and effect as if fully set forth herein.

45.     As a result of Defendants' aforementioned conduct, Plaintiff was subjected to an illegal, improper and false arrest by Defendants and taken into custody and caused to be falsely imprisoned, detained, confined, incarcerated and prosecuted by the Defendants in criminal proceedings, without any probable cause, privilege or consent.

46.     As a result of the foregoing, Plaintiff's liberty was restricted for an extended period of time and Plaintiff was at all times aware of his confinement. Plaintiff was put in fear for his safety and subjected to handcuffing and other physical restraints, without probable cause.

47.     As a direct and proximate result of his false arrest, Plaintiff was subjected to humiliation, ridicule and disgrace before his neighbors and peers.  Plaintiff was discredited in the minds of many members of his community. Plaintiff suffered and will continue to suffer physical, mental and emotional pain and suffering, mental anguish, embarrassment and humiliation.

48.     The acts of Defendants were intentional, wanton, malicious, reckless and oppressive and entitle Plaintiff to an award of punitive damages.

### THIRD CLAIM FOR RELIEF
### MALICIOUS ABUSE OF PROCESS UNDER 42 U.S.C. § 1983

49.     Plaintiff repeats and re-alleges each and every allegation set forth in the preceding paragraphs with the same force and effect as if fully set forth herein.

50.     Defendants employed regularly issued legal process by arresting, processing, and initiating criminal proceedings against Plaintiff to forbear him of liberty and the lawful use of property.

51.     Defendants acted with intent to do harm as there was at no point any reasonable suspicion or probable cause to subject Plaintiff to public humiliation, an unreasonable search, detention, arrest, booking, imprisonment, and prosecution.

52.     Defendants undertook the aforementioned acts in order to obtain a collateral objective outside the legitimate ends of the process, namely to arrest persons known to be

innocent to improve the stop-and-frisk and arrest numbers of the NYPD, among other collateral objectives. This abuse of power is outside of and contrary to the legitimate use of the law enforcement and criminal justice processes and undermines the civil rights of persons such as Plaintiff for whom there is no reasonable suspicion or probable cause pertaining to any alleged criminal activity.

53.    The criminal charges against Plaintiff were terminated in his favor.

54.    As a result of Defendants' unlawful acts, Plaintiff suffered numerous violations of his constitutional rights, including deprivation of liberty following his arrest.

## FOURTH CLAIM FOR RELIEF
## MALICIOUS PROSECUTION UNDER 42 U.S.C. 1983

55.    Plaintiff repeats and re-alleges each and every allegation set forth in the preceding paragraphs with the same force and effect as if fully set forth herein.

56.    Defendants initiated criminal proceedings against Plaintiff without probable cause or reason to believe that the criminal charges against him could succeed and with actual malice, thereby causing Plaintiff to be prosecuted on baseless charges for several months and to suffer a significant deprivation of liberty in connection therewith.

57.    The criminal charges against Plaintiff were terminated in his favor.

58.    Defendants and their agents, servants, and employees carried out all of the aforementioned acts under color of state law.

59.    Defendants' unlawful prosecution of Plaintiff without probable cause and denial of associated due process rights, as described herein, violated Plaintiff's rights under the Constitution, for which Defendants are individually liable.

60.     As a result of Defendants' malicious prosecution and other unlawful acts, Plaintiff was subjected to humiliation, ridicule, and disgrace before his neighbors and peers.  Further, as a result of Defendants' unlawful acts, Plaintiff was discredited in the minds of many members of the community. Plaintiff suffered and will continue to suffer mental and emotional pain and suffering, mental anguish, embarrassment and humiliation.

## FIFTH CLAIM FOR RELIEF
## ILLEGAL STOP AND FRISK UNDER 42 U.S.C. § 1983

61.     Plaintiff repeats and re-alleges each and every allegation contained in the paragraphs above with the same force and effect as if fully set forth herein.

62.     As a result of Defendants' aforementioned conduct, Plaintiff was subjected to an illegal and improper stop-and-frisk by Defendants without any reasonable suspicion of criminality or other constitutionally-required grounds. Moreover, this stop-and-frisk and the above-alleged arrest were the result of racial and/or national origin profiling.

63.     As a direct and proximate result of such acts, Defendants deprived Plaintiff of his Fourth and Fourteenth Amendment rights in violation of 42 U.S.C. §1983.

64.     As a direct and proximate result of those constitutional abuses, Plaintiff suffered and will continue to suffer physical, mental and emotional pain and suffering, mental anguish, embarrassment and humiliation.

65.     The acts of Defendants were intentional, wanton, malicious, reckless and oppressive and entitle Plaintiff to an award of punitive damages.

## SIXTH CLAIM FOR RELIEF
## EQUAL PROTECTION UNDER 42 U.S.C. § 1983

66.     Plaintiff repeats and re-alleges each and every allegation contained in the paragraphs above with the same force and effect as if fully set forth herein.

67.     Defendants unlawfully singled out Plaintiff and violated his First, Fourth, Fifth, and Fourteenth Amendment rights, in part because of his race, age and gender.

68.     Defendants and their agents, servants, and employees carried out all of the aforementioned acts under color of state law.

69.     As a result of Defendants' unlawful acts, Plaintiff was subjected to humiliation, ridicule, and disgrace before his family and peers, confinement, pain and suffering, embarrassment and emotional distress.  Further, as a result of Defendants' unlawful acts, Plaintiff was discredited in the minds of many members of his community. Plaintiff suffered and will continue to suffer mental and emotional pain and suffering, mental anguish, embarrassment and humiliation.

## SEVENTH CLAIM FOR RELIEF
## MUNICIPAL LIABILITY UNDER 42 U.S.C. § 1983

70.     Plaintiff repeats, reiterates, and re-alleges each and every allegation contained in the paragraphs above with the same force and effect as if fully set forth herein.

71.     The acts complained of were carried out by the aforementioned individual Defendants in their capacities as police officers and officials, with the entire actual and/or apparent authority attendant thereto.

72.     The acts complained of were carried out by the aforementioned individual Defendants in their capacities as police officers and officials pursuant to the customs, policies, usages, practices, procedures, and rules of Defendant CITY and the NYPD, all under the supervision of ranking officers of said department.

73.     The foregoing customs, policies, usages, practices, procedures and rules of Defendant CITY and the NYPD constituted a deliberate indifference to the safety, well-being and constitutional rights of Plaintiff.

74.     The foregoing customs, policies, usages, practices, procedures and rules of Defendant CITY and the NYPD were the direct and proximate cause of the constitutional violations suffered by Plaintiff, as alleged herein.

75.     The foregoing customs, policies, usages, practices, procedures, and rules of Defendant CITY and the NYPD were the moving force behind the constitutional violations suffered by Plaintiff, as alleged herein.

76.     Defendants, collectively and individually, while acting under color of state law, were directly and actively involved in violating the constitutional rights of Plaintiff.

77.     Defendants, collectively and individually, while acting under color of state law, acquiesced in a pattern of unconstitutional conduct by subordinate police officers, and were directly responsible for the violation of Plaintiff's constitutional rights.

78.     Defendant CITY, as municipal policymaker in the training and supervision of the NYPD, has pursued a policy and custom of deliberate indifference to the rights of persons in its domain who suffer violation of the right to freedom from unlawful entry, negligence, and from the use of excessive and unreasonable force in violation of, *inter alia*, the Fourth, Fifth and Fourteenth Amendments to the Constitution of the United States, 42 U.S.C. § 1983, and the constitution and laws of the State of New York.

79.     All of the foregoing acts by Defendants deprived Plaintiff of federally protected rights, including, but not limited to, the right:

        a.   Not to be deprived of liberty without due process of law;

b.  To be free from search, seizure, arrest, prosecution and imprisonment not based upon reasonable suspicion or probable cause;

c.  To be free from malicious prosecution; and

d.  To receive equal protection under the law.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff demands judgment and prays for the following relief, jointly and severally, against Defendants:

1.  Special and compensatory damages in the amount of ONE MILLION ($1,000,000) DOLLARS.

2.  Punitive damages in the amount of ONE MILLION ($1,000,000) DOLLARS.

3.  Reasonable attorney's fees and costs; and

4.  Such other and further relief as this Court deems just and proper.

DATED:       New York, New York
             March 4, 2015

Respectfully submitted,

Kim E. Richman, Esq.
The Law Office of K.E. Richman
195 Plymouth Street
Brooklyn, NY 11201
212-687-8291 (telephone)
212-687-8292 (facsimile)

*Attorney for Plaintiff*